GERBER, J.
The defendant was convicted of five counts of unlawful sexual activity by a person 24 years of age or older with a person 16 or 17 years of age. § 794.05(1), Fla. Stat. (2006). She raises six arguments on appeal. We affirm on all arguments and comment briefly on one of the arguments.
We hold the trial court did not err in excluding evidence that, on a separate occasion, the victim allegedly falsely claimed he had sexual intercourse with an adult woman other than the defendant. We find this case is on point with Pantoja v. State, 990 So.2d 626 (Fla. 1st DCA 2008). In Pantoja, the first district held that the trial court properly excluded a molestation victim’s allegedly false prior accusation of molestation against her uncle, who was not the defendant in the case. Id. at 628-29. The first district reasoned that the evidence code does not provide for impeachment of a witness by evidence of prior acts of misconduct not resulting in conviction for a crime punishable by more than one year in prison or a crime that involves dishonesty or a false statement. Id. at 629-30. The first district certified conflict with Jaggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988), where the second district reached a contrary holding. Pantoja, 990 So.2d at 628. Our supreme court has granted review of Pantoja. Pantoja v. State, 13 So.3d 468 (Fla.2009). Because we follow Pantoja, we also certify conflict with Joggers.

Ajfirmed.

POLEN and HAZOURI, JJ., concur.